**Agustin VIOLA, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 1161–68.**

United States District Court, District of Columbia.

Sept. 7, 1971.

**834**

Henry F. Lerch, and Robert L. Pillote, Washington, D. C., for plaintiff.

William D. Ruckelshaus, Asst. Atty. Gen. of the United States, Russell Chapin, David V. Seaman, and Roger C. Wesley, Attys., Department of Justice, Washington, D. C., for defendant.

## OPINION

MATTHEWS, Senior District Judge.

Plaintiff, a national and resident of the Philippines, filed a complaint on May 13, 1968, seeking gratuitous National Service Life Insurance. The action came on for hearing on plaintiff's motion for summary judgment or, alternatively, for judgment on the pleadings, and defendant's cross-motion for judgment on the pleadings.

The undisputed facts reveal that a typewritten letter, dated June 9, 1956, was sent to the Veterans Administration by Maria Viola, the mother of plaintiff. The letter reads:

"As the natural mother and guardian of the minor, Agustin Viola, I have the honor to apply for death compensation on account of the services rendered by the late veteran, HILARIO DAGOY, captioned-above. My son, Agustin Viola, is the illegitimate son of the late veteran, Hilario Dagoy. In this connection, I will appreciate very much if the necessary application forms for my accomplishment will be sent to me with the least possible delay.

"I trust that this matter will merit your prompt attention and favorable consideration." XC 18 388 577, Exhibit 4.

Opposite the typewritten name "Maria Viola" the letter was signed by thumbprint, and below were the signatures of two witnesses to the thumbprint.

In response to Maria Viola's letter the Veterans Administration sent forms for death compensation claims and instructions for their completion. Following a field examination, it was determined that the veteran was the putative father of the plaintiff, and plaintiff was awarded and paid death compensation.

On December 21, 1964, the Veterans Administration received a letter from plaintiff (dated December 4, 1964) wherein plaintiff requested "the status of [his] claim for gratuitous National Life Insurance." XC 18 388 577, Exhibit 6. Treating this letter as an original claim for insurance, the Administrator disallowed the claim as untimely, in that it was not filed within one year following plaintiff's twenty-first birthday. 38 U.S.C. § 802(d) (5) (1952) provides:

If any person deemed to have been issued insurance under subsection (d) (3) * * * (B) of this section die without filing application and within the time limited therefor, death insurance benefits shall be payable in the manner and to the persons as stated in subsection (d) (2): *Provided,*

* * * That persons shown by evidence satisfactory to the Administrator to have been mentally or legally incompetent at the time the right to apply * * * for death benefits expires, may make such application at any time within one year after the removal of such disability.

Plaintiff was born on May 7, 1942; he reached his twenty-first birthday on May 7, 1963. Had his application for gratuitous insurance benefits been filed by May 7, 1964 (within one year after the date he became twenty-one) he would be entitled to the insurance. But plaintiff's letter, received by the Veterans Administration on December 21, 1964, was some seven months late.

It is contended by plaintiff, however, that the application for *death compensation* made by Maria Viola on his behalf in 1956 should be treated as a claim for insurance as well.

Relative to gratuitous insurance benefits, the statutory definition of "claim" is found in 38 U.S.C. § 784(h) (1964), as follows:

> The term "claim" as used in this section means any writing which uses words showing an intention to claim insurance benefits * * *.

The United States Court of Appeals for this Circuit recently construed this definition of the term "claim." This was in the unreported case of Lames v. United States, No. 23,656, decided October 23, 1970. There a widow had filed in 1950 a claim for National Service Life Insurance and had listed two minor children as the children of the veteran, one of which was legitimate and one illegitimate. The widow's claim was denied as untimely. Thereafter the insurance was fully paid to the legitimate son, who had filed his own claim. The illegitimate daughter was ignored. When later she sought the insurance, the Government argued that no express claim for insurance had been made on her behalf. Nonetheless, the Court of Appeals treated the widow's claim, naming the illegitimate child, sufficient as a claim filed on the child's behalf.

The pertinent fact which distinguishes the *Lames* case from the case at bar is that in the present case no claim for insurance was made by the mother, either for herself or on behalf of plaintiff.

When the Court of Appeals decided United States v. Philippine National Bank, as guardian of Salvador Tranas, Jr., 110 U.S.App.D.C. 250, 292 F.2d 743 (1961), holding that *illegitimate* children were entitled to gratuitous National Service Life Insurance, the plaintiff in the present case was still a minor. The Veterans Administration had full knowledge of plaintiff's status as an illegitimate child, having paid to him death compensation benefits. But this Court has found nothing in the statutes nor in case law which would support a holding that the Veterans Administration had a legal obligation to inform every claimant of every change in the law, and in the instant case, to one who had *not* made a claim.

Filipino claimants have been disadvantaged because of their distance from the United States, the difference in language, and the Veterans Administration's early practice of denying recognition to illegitimate children as beneficiaries of gratuitous National Service Life Insurance. However, the statute is clear that for purposes of establishing a filing date, the writing must indicate an intent to claim the gratuitous insurance. A claim for death compensation or other benefits will not suffice. The claim by plaintiff's mother on his behalf was for death compensation only. Plaintiff's own claim for insurance was not timely.

Accordingly, the plaintiff's motion for summary judgment or for judgment on the pleadings will be denied. The defendant's cross-motion for judgment on the pleadings will be granted. An appropriate proposed order should be submitted by the attorneys for defendant.